————o————

## No. 6249.

### W. BERNS & BROTHERS vs. DR. PAUL L. REISS.

### Syllabus.

A suit may be maintained upon a building contract although the work may be defective, and the remedy of defendant in such a case is for a reduction of the price agreed upon to the extent of the damages sustained by reason of the defective performance of the work. *R. C. C.*, 2769.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 106,823. Honorable E. K. Skinner, Judge.

W. A. Bahns, for plaintiff and appellant.

George H. Terriberry, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff contracted with defendant to paint the latter's residence and is now suing for the stipulated price. The defense is that the work was not performed in a good and workmanlike manner as the written contract between the parties expressly requires it should be; and this defense having been sustained and plaintiff's suit dismissed as on non-suit, the latter now appeals.

The testimony is in hopeless conflict, the witnesses for plaintiff affirming that the work was well performed and that after an inspection thereof they failed to discover a single defect; while on the other hand, the witnesses who have examined the work for defendant testify in detail as to how the paint in many places had run and was blistered, streaked and caked, bearing unmistakable evidence of inferior workmanship.

With the record in this condition we would be unable to hold as an original matter that plaintiff had succeeded in establishing a performance such as would entitle him to recover the price. And the trial Judge states:

> "The evidence as to the proper workmanship is about equally divided, but I feel satisfied from the evidence of Churchill and other disinterested witnesses that the paint has run, caked and blistered to such an extent that the work cannot be considered first-class."

The decision, therefore, hinges wholly upon the credibility of the witnesses, and after an examination of the

— 127 —

record we discover no reason to disturb the trial Court's conclusion as to the defective character of the work.

But this conclusion does not justify the dismissal of the suit; for while ordinarily in commutative contracts the "creditor cannot be constrained to receive any other thing than that which is due," that is, full performance upon the part of the debtor, R. C. C., 2150; a different and special rule is applicable to the agreements of undertakers furnishing labor and material, and it is to the effect that the undertaker who fails to execute the work in the manner he has agreed to do it, may still sue upon his contract, but will be held in damages for the losses ensuing from his non-compliance therewith. R. C. C., 2769.

> "A suit may be maintained upon a building contract although the work be defective or unfinished, and the remedy of defendant in such a case is for a reduction of the price agreed upon to the extent of the damages sustained by reason of the defective performance of the work."
>
> **Cairy vs. Randolph, 6 A., 202.**

The record is barren of any evidence upon which the rights of the parties in this respect might be determined and for that reason the cause must be remanded.

It is accordingly ordered that the judgment be annulled and set aside and that the cause be remanded for further trial and to be proceeded with in accordance with the views herein expressed, the defendant to pay the costs of this appeal and all other costs to await the final determination of the cause.

Reversed and remanded.

Opinion and decree, December 7, 1914.

Rehearing refused, December 21, 1914.